█ In the Matter of the Claim of MARY SILFVERNAGEL, Respondent, v. SWEDISH AMERICAN LINE AGENCY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from an award of benefits for accidental death which appellants contend occurred while decedent was on vacation and not in the course of his employment. Decedent was employed by a foreign shipping company as a landing agent in New York but was given a temporary assignment as tour leader of a Christmas excursion of the ship *Kungsholm* to Copenhagen and Gothenburg. As indicated by testimony produced by the employer and by an advertisement of the excursion

displaying decedent's picture and extolling his experience and accomplishments, the position was a responsible one. The arrangement made by the employer was for decedent, his wife and their young child to travel to Sweden in the *Kungsholm*, without charge; and for decedent and the child after three weeks abroad to return in the *Kungsholm*, again without charge, the employer's vice-president testifying that he "asked him to return on that particular sailing even though Mrs. Silfvernagel had to return earlier"; and that sailing, incidentally, being advertised as the return trip of the excursion. The employer arranged, also, for the wife, who, as indicated, was obliged to return before then to her job in New York, to return by air at a reduced rate. Decedent planned to, and did spend at his mother's home in Sweden some part of his accrued vacation time, for which he was paid. There was evidence, including a quantity of documentary proof as well as testimony by the widow, based in part on her direct observation, in part on her conversation with the employer's vice-president and in part on adequately corroborated hearsay, that while in Sweden decedent performed services for the employer; that he had further work to do there; and that his fatal automobile accident occurred after he had ended his holiday at his mother's home and while he, his wife and child were returning to Gothenburg where he had work to do at the employer's office, while awaiting embarkation in the *Kungsholm*. The board was warranted in resolving as it did the issue posed by the rather considerable mass of evidence adduced by claimant and the qualified denials by the employer's witnesses. Thus, the board properly concluded: "We find as a fact that when the automobile accident occurred, the decedent had completed his vacation trip to his mother's home and had resumed his employment purposes. He was returning to Gothenburg, the port of embarkation of the employer's ship. It was held in *Matter of Markoholz* v. *General Elec. Co.* (13 N Y 2d 163) that an employee who went to Europe for the company on a business trip and then took a vacation and was killed returning to the port of embarkation after the vacation, was in the course of employment. Where the employment takes the employee far from home and excursions to nearby places are available and expected, then the employment itself exposes the employee to the risk and an accident under such circumstances is compensable. (*Matter of Scott* v. *U. S. O. Camp Shows*, 298 N. Y. 896.)" The case is well within the purview, also, of the general rules respecting dual purpose trips. (*Matter of Skinner* v. *Tobin Packing Co.*, 18 N Y 2d 738; *Matter of Mahoney* v. *Stern & Co.*, 9 N Y 2d 931.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.